UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLADYS MARIE COBURN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 13-13337
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [16],
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14], AND
GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9]**

    Before the Court is Magistrate Judge R. Steven Whalen's Report and Recommendation to Deny Defendant's Motion for Summary Judgment and Grant Plaintiff's Motion for Summary Judgment. (Dkt. 16, R&R.) At the conclusion of his report, the Magistrate Judge notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (R&R at 19.) No party has filed timely objections.

    Magistrate Judge Whalen found that the Social Security Administration's Administrative Law Judge ("ALJ") improperly classified Plaintiff as a "younger individual," defined as age 45 to 49, for the entire period adjudicated although she turned 50 four months before the ALJ's decision and thereby became an "individual closely approaching advanced age" under the regulations. (*See id.* at 16–18.) Magistrate Judge Whalen noted that "[u]nder Medical-Vocational Rule 201.14, an individual closely approaching advanced age with a high school education, no transfer[]able skills, and a limitation to sedentary work generally directs a finding of disability."

(*Id.* at 17.) He concluded: "The ALJ's own finding that Plaintiff was restricted to sedentary work and did not possess transfer[]able skills directs a finding of disability as of her 50th birthday. As such, a remand for a calculation of benefits as of Plaintiff's 50th birthday is appropriate." (*Id.* at 19.) But the ALJ did not make a finding that Plaintiff did not possess transferable skills. Although the vocational expert testified that Plaintiff did not have transferable skills from her prior work experience as a home health aide (*see* Tr. 64), the ALJ did not rely on that statement to make a finding about Plaintiff's job skills. Because she used only the "younger individual" category, she found that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills." (Tr. 31.) The Court therefore declines to adopt the recommendation to remand for award of benefits for the period after Plaintiff's 50th birthday, and will instead remand for the Commissioner to make a finding regarding transferability of job skills and apply the Medical-Vocational Rules accordingly.

Magistrate Judge Whalen also found that the ALJ mischaracterized Plaintiff's daily activities and improperly relied on a consultative examiner who overlooked the most recent medical records. (R&R at 14–16.) He therefore recommended remanding for further fact-finding for the period before she turned 50. (*Id.* at 16.)

Having reviewed the Report and Recommendation, and there being no timely objections, the Court **ADOPTS** the Report and Recommendation (Dkt. 16) as the findings and conclusions of this Court, except for the recommendation to remand for an award of benefits. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). The Court therefore **DENIES** Defendant's Motion for Summary Judgment (Dkt. 14) and **GRANTS IN PART AND DENIES IN PART** Plaintiff's

Motion for Summary Judgment (Dkt. 9). The case is **REMANDED** to the Commissioner of Social Security for further fact-finding in accordance with this order.

    **SO ORDERED**.

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE

Dated:  September 5, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 5, 2014.

                                          s/Jane Johnson
                                          Case Manager to
                                          Honorable Laurie J. Michelson